561 F.Supp. 250 (1983)
Roy R. DANIELS, Plaintiff,
v.
ST. LOUIS VA REGIONAL OFFICE and E.D. Hartshorn, Veterans Services Officer, Defendants.
No. 82-1738C(3).
United States District Court, E.D. Missouri, E.D.
March 30, 1983.
*251 Roy R. Daniels, pro se, John J. Moellering, St. Louis, Mo., for plaintiff.
Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for defendants.

MEMORANDUM AND ORDER
FILIPPINE, District Judge.
This matter is before the Court on defendant E.D. Hartshorn's motion to dismiss moot complaint which was converted to a motion for summary judgment pursuant to Rule 12(b) of the Federal Rules of Civil Procedure by this Court's order of January 17, 1983. Defendant has filed an affidavit and other materials in support of his motion and plaintiff has filed an affidavit and materials in opposition thereto.
Plaintiff alleges that defendant, a Veterans Services Officer of the Veterans Administration, violated the Freedom of Information Act and the Privacy Act by failing to respond to his August 28, 1982, and September 1, 1982, requests for information in connection with the denial of service/non-service benefits until September 27, 1982. Plaintiff additionally avers that defendant withheld requested copies of information from both requests. Defendant moves to dismiss on the ground that there is no case or controversy and the matters that are the subject of plaintiff's complaint are moot because the Veterans Administration has received a check in the amount of $10.00 to cover expenses of copying the records, at the rate of five cents ($.05) per page and has sent to plaintiff all the requested information. In his affidavit plaintiff concedes that he received all such information from the Veterans Administration on January 7, 1983.
Plaintiff does not specify the type of relief he is seeking. Clearly, if plaintiff is seeking only an order compelling the Veterans Administration to release the requested documents, plaintiff's admission in his affidavit makes this issue moot. Plaintiff's affidavit, however, suggests that he is actually seeking damages for the Veterans Administration's delay in producing the requested documents.
The language of the Freedom of Information Act enumerates several sanctions that may be applied against agencies and individuals who improperly withhold requested information. 5 U.S.C. § 552(a)(4)(B), (E), and (F).[1] An action for money damages against the agency or its personnel is not provided for in the statute. Because of the statute's comprehensive list of remedies for violation of its provisions, and because of the conspicuous absence of a provision granting individuals an action for money damages, the Court finds that Congress did not intend to provide such a private right of action. Under the test espoused by the Supreme Court in Cort v. *252 Ash,[2] 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1978), and its progeny,[3] plaintiff therefore has no cause of action for money damages under the Act.
Although an action for money damages is available under the Privacy Act, 5 U.S.C. § 552(a)(g)(4), it is available only against the United States, Bruce v. United States, 621 F.2d 914, 916 n. 2 (8th Cir.1980), and only where the Court determines the agency acted in a manner which was intentional or willful. Id. There are no allegations in plaintiff's complaint that the agency's actions were intentional or willful. Indeed, the evidence presented to this Court indicates that the agency's actions were predicated on plaintiff's refusal to pay the costs of duplicating the requested material. Agencies are specifically authorized to require the payment of such costs, unless the agency determines that waiver of reduction of the fee is in the public interest because furnishing the information can be considered as primarily benefiting the general public. 5 U.S.C. § 552(a)(4)(A). Plaintiff's request clearly appears to concern only his private matters with the Veterans Administration. The Court therefore concludes that plaintiff is not entitled to money damages for delay under the Privacy Act.
The only remaining question is whether reasonable attorney fees and other litigation costs should be granted to plaintiff. The Freedom of Information Act provides that these fees and costs should be granted in any case under this section in which the plaintiff has "substantially prevailed." 5 U.S.C. § 552(a)(4)(E). Although the award of such costs and fees is not limited to cases which result in a court order or judgment in favor of the plaintiff, Cuneo v. Rumsfeld, 553 F.2d 1360, 1364 (D.C.Cir.1977), there must be some element of causation  "did the institution and prosecution of the litigation cause the agency to release the documents obtained during the pendency of the litigation?" Church of Scientology v. Harris, 653 F.2d 584, 587 (D.C.Cir.1981). As stated above, the record in this case suggests no link between the institution of this action and the release of the documents other than the mere circumstance that the documents happened to be released after this suit was filed. The Court therefore will not grant plaintiff attorney's fees and other litigation costs.
Accordingly,
IT IS HEREBY ORDERED that defendant's motion to dismiss moot complaint, converted by Court order to a motion for summary judgment, be and is GRANTED.
IT IS FURTHER ORDERED that plaintiff's complaint be and is DISMISSED with prejudice.
NOTES
[1] These sections provide that district courts have jurisdiction to: (1) enjoin the agency from withholding agency records, (2) order production of such records, and (3) assess against the United States reasonable attorney fees and other litigation costs. 5 U.S.C. § 552(a)(4)(B) and (E). Section (a)(4)(F), as amended in 1978, provides that whenever the court orders the production of any agency records improperly withheld and assesses against the United States reasonable attorney fees and other litigation costs, and the court additionally issues a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding, the Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee primarily responsible for the withholding. The section also provides that if the Special Counsel so recommends, the administrative authority shall take corrective action.
[2] The Supreme Court expressed four factors which are relevant to the determination of Congressional intent: (1) Is the plaintiff one of the class for whose especial benefit the statute was enacted? (2) Is there any indication of legislative intent either to create such a remedy or to deny one? (3) Is it consistent with the underlying purposes of the legislative scheme to imply such a remedy? and (4) Is the cause of action one traditionally relegated to state law? 422 U.S. at 78, 95 S.Ct. at 2087.
[3] In Middlesex City Sewerage Authority v. Sea Clammers Association, 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981), the Supreme Court again made clear that the key inquiry in determining whether a federal statute grants a private right of action where none is expressly given is the intent of Congress. Id. at 13, 101 S.Ct. at 2622.