Must we ignore as judges what we know as sports fans?

Kansas City, Missouri, has two stadia, built side by side.

Both are miles from the downtown core of the metropolitan area.

The Dallas Cowboys play in Irving, Texas.

The Detroit Lions play in Pontiac, Michigan.

New York professional football teams play in New Jersey.

It should be unnecessary to remind St. Louisans where the Minnesota Twins play.

It is not in Minneapolis or St. Paul.

The New Orleans Superdome is located in the downtown core of that metropolitan area.

It is also in the heart of a great floodplain.

A page of experience is worth a pound of logic. Justice Oliver Wendell Holmes, Jr. gave us this lesson over a century ago. O.W. Holmes, *The Common Law*, at 1 (1881).

Judges regularly urge jurors to take their common sense into their deliberations. Perhaps sometimes judges may do likewise.

### ORDER

Findings of fact and conclusions of law dated this day are hereby incorporated into and made a part of this order.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs take nothing by their cause of action against defendants, and the claims against the defendants are dismissed on the merits at plaintiffs' costs.

AGBANC LTD., et al., Plaintiffs,

v.

Prescott A. BERRY, et al., Defendants.

No. CIV 87–383 PHX RCB.

United States District Court,
D. Arizona.

Jan. 12, 1988.

Jon R. Pozgay, Black, Robertshaw, Copple & Pozgay, P.C., and A. Jerry Busby, P.C., Phoenix, Ariz., for plaintiffs.

Stephen M. McNamee, U.S. Atty., Richard G. Patrick, Asst. U.S. Atty., Phoenix, Ariz., and William J. Kelley, Office of Special Litigation, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

## ORDER

BROOMFIELD, District Judge.

This matter is before the court on several motions filed by the parties. Plaintiffs (Agbanc) filed a motion on June 10, 1987 seeking leave to file an amended complaint. They also filed a motion on August 25, 1987 for "an order instructing clerk to file supplemental and amended complaint or in the alternative, motion to supplement and amend complaint pursuant to Fed.R.Civ.P. 15." The court will refer to these motions collectively as the motions to amend and supplement the complaint.

Defendants also have two motions before the court. First, they move to dismiss Count I of plaintiffs' complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. Second they move to dismiss all the individually named defendants pursuant Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and to strike plaintiffs' demand for a jury trial.

## I. MOTIONS TO AMEND AND SUPPLEMENT THE COMPLAINT

Fed.R.Civ.P. 15(a) allows a party to amend its pleading once as a matter of course before the service of a responsive pleading. Otherwise the party needs leave

of the court or consent by the adverse party to file an amended pleading. Here, plaintiffs filed both of their motions regarding the complaint before the defendants filed their answer in this case. Plaintiffs state they filed their June 10, 1987 motion to amend under the erroneous belief they needed leave of the court. Since the court had not ruled on their motion by August 18, 1987, they attempted to file a supplemental and amended complaint on that date. The clerk refused to accept this supplemental and amended complaint because defendants' previously filed their motion to dismiss Count I of the complaint which the clerk treated as a responsive pleading under Rule 15. The clerk informed plaintiffs they needed leave of court to file the August 18, 1987 supplemental and amended complaint. Consequently, plaintiffs filed their motion on August 25, 1987 for an order instructing the clerk to accept the supplemental and amended complaint.

■ This motion raises the issue of whether a motion to dismiss constitutes a responsive pleading under Rule 15 thereby requiring the party to obtain leave of court or consent by the adverse party to file the amended complaint. The Ninth Circuit position on this issue is that a motion to dismiss does not constitute a responsive pleading under Rule 15. Therefore, a party may amend their complaint once as a matter of course even though the adverse party previously filed a motion to dismiss the complaint. *See Worldwide Church of God, Inc., v. State of Calif.*, 623 F.2d 613, 616, (9th Cir.1980); *Nolen v. Fitzharris*, 450 F.2d 958, 958 (9th Cir.1971); *Breier v. Northern Calif. Bowling Proprietor's Assn.*, 316 F.2d 787, 789 (9th Cir.1963).

There is only one difference between the two supplemental and amended complaints plaintiffs sought to file. The August 18, 1987 complaint adds Internal Revenue Agent Gary A. Heitman as a defendant. While defendants appear to concede their motion to dismiss does not constitute a responsive pleading for Rule 15 purposes, they correctly note that the Rule only allows a party to amend its complaint once as

a matter of course. Thus, they argue plaintiffs may file the June 10, 1987 supplemental and amended complaint without leave, but must obtain leave from the court to file the August 18, 1987 supplemental complaint naming Heitman as an additional defendant. Plaintiffs reply they inadvertently sought leave to file the June 10, 1987 complaint and will withdraw it since the court hasn't ruled on that motion yet. Thus, they contend the August 18, 1987 supplemental and amended complaint is the only one before the court.

The plaintiffs' June 10, 1987 motion to amend and supplement the complaint is deemed withdrawn and plaintiffs, therefore, have the right to file the August 18, 1987 supplemental and amended complaint as a matter of course. The court directs the clerk to accept that supplemental and amended complaint for filing. For the purposes of the record that complaint shall be deemed filed as of August 18, 1987. The court will also treat defendants' motions to dismiss as going to the August 18, 1987 supplemental and amended complaint.

## II. MOTION TO DISMISS COUNT I

Plaintiffs seek injunctive relief in Count I of their complaint. Specifically they seek to enjoin the defendants from: (1) disclosing any information derived from them as part of any investigation of them by the defendants under 26 U.S.C. § 6700; (2) proposing or enforcing deficiencies, assessments, or assessing investors who have extended the statute of limitations with relation to the purchase of any Donor Cow; (3) undertaking or continuing a partnership level audit of the Agri–Tech Limited Partnership pending trial of this matter; and (4) enforcing any assessment made against them under 26 U.S.C. § 6700. Defendants contend the Anti–Injunction Act, 26 U.S.C. § 7421(a) bars such injunctive relief and therefore this court lacks subject matter jurisdiction to consider Count I.

■ The Anti–Injunction Act generally bars suits to enjoin the collection or assessment of taxes. The Act therefore bars plaintiffs claim for injunctive relief unless they can show their case falls within one of

the two judicially created exceptions to the Act. *See Enochs v. Williams Packing Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962) and *South Carolina v. Regan,* 465 U.S. 367, 104 S.Ct. 1107, 79 L.Ed.2d 373 (1984). Under the *Enochs* exception a party may maintain a suit to enjoin the assessment or collection of taxes if (1) the government cannot ultimately prevail under any circumstances and (2) collection of the tax would cause the party irreparable harm (i.e., equity jurisdiction properly exists.) 370 U.S. at 7, 82 S.Ct. at 1129. Under the *Regan* exception a party may seek injunctive relief where Congress did not provide the party with an alternative legal remedy to challenge the validity of the particular tax. 465 U.S. at 373, 104 S.Ct. at 1111.

All of the plaintiffs' requested injunctive relief relate to the collection or assessment of income tax. Therefore, the issue for the court is whether any of plaintiffs' claims for injunctive relief fall within either of the exceptions to the Act. The court will examine each of the four separate requests for injunctive relief in determining whether either exception applies.

### A. Disclosing Information Obtained from the § 6700 Investigation

#### 1. *Enochs* Exception

■ Plaintiffs must satisfy each prong of the *Enochs* exception to have a claim for injunctive relief. If they fail to satisfy either prong, the exception is inapplicable. Here, the court finds the plaintiffs cannot show irreparable harm, i.e., that equity jurisdiction exists, because they have an adequate remedy at law. 26 U.S.C. § 7431 allows the plaintiffs to maintain a suit for damages due to an unauthorized disclosure of return and return information. This is an adequate safeguard to protect the plaintiffs' rights and there is no need for injunctive relief in this situation.

Plaintiffs raise a statute of limitations argument to assert the government cannot prevail in its § 6700 investigation against them under any circumstance. There is no specific limitations period for a § 6700 investigation, so plaintiffs rely on an analagous statute. *See* 26 U.S.C. § 6501. The court need not decide what is the limitations period for a § 6700 investigation because plaintiffs must satisfy both prongs of the *Enochs'* test to obtain injunctive relief. Even if plaintiffs are correct in their statute of limitations argument, they cannot qualify for relief under *Enochs* because they have an adequate legal remedy under 26 U.S.C. § 7431. Accordingly, they may not enjoin the Internal Revenue Service (IRS) from disclosing information obtained in the § 6700 investigation.

#### 2. *Regan* Exception

Plaintiffs also do not fall within the *Regan* exception. As noted above, Congress provided them with an adequate legal remedy to challenge any unauthorized disclosure of returns and return information. Thus, they may not seek to enjoin the government from disclosing information obtained during the § 6700 investigation.

### B. Proposing or Enforcing Deficiencies, Assessments or Assessing Investors

■ Plaintiffs have no standing to seek injunctive relief on this point. Third parties have no right to contest the merits of a tax assessment against a taxpayer. *Al-Kim, Inc. v. United States,* 650 F.2d 944, 947 (9th Cir.1976). Only the taxpayer may question the assessment of taxes. This is a right personal to the taxpayer. *Id.*

### C. Undertaking or Continuing a Partnership Level Audit Pending Trial and/or Enforcing Any Assessment Made Under § 6700

Plaintiffs' request regarding the partnership level audit is moot. Defendants state the IRS assessed § 6700 penalties against the plaintiffs on May 21, 1987. A reasonable inference from the assessment of the penalties is that the audit is complete.

■ Plaintiffs have no basis under either *Enochs* or *Regan* to enjoin the enforcement of the § 6700 penalties because Congress provided them with an adequate legal remedy to challenge the validity of the penalties. 26 U.S.C. § 6703(c) allows a person to

bring a suit in district court to determine his liability for the penalty. 26 U.S.C. § 7422 also entitles a party to bring a suit for refund subsequent to filing a claim for refund with the Secretary of the Treasury. Finally, 26 U.S.C. § 6213 allows a party to file a claim in tax court without first paying any assessment.

After examining each item upon which plaintiffs request injunctive relief, the court finds each request does not fall within either the *Enochs* or the *Regan* exception to the Anti–Injunction Act. Such a finding upholds the purpose of the Act: to permit the government to assess and collect taxes alleged due without judicial intervention and to require the determination of the right to the disputed sums in a suit for refund. *Enochs* at 7, 82 S.Ct. at 1129. Accordingly, the court grants defendants' motion to dismiss Count I.

### III. MOTION TO DISMISS ALL INDIVIDUALLY NAMED DEFENDANTS AND TO STRIKE PLAINTIFFS' DEMAND FOR A JURY TRIAL

Defendants argue the court lacks jurisdiction over the individually named federal employees and asks the court to dismiss plaintiffs' claims against Berry, Cooke, and Heitman. They rely on 26 U.S.C. § 7431(a)(1) to support their argument. § 7431(a)(1) provides:

If any officer or employee of the United States knowingly, or by reason of negligence, discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

Based on this provision, defendants contend that plaintiffs may only maintain their action against the United States.

Plaintiffs agree that a claim based solely on § 7431 does not allow them to sue the individual defendants. They note, however, that the Fifth Amendment Due Process claim they also assert in Count II allows them to name Berry, Cooke, and Heitman as defendants. Defendants argue that plaintiffs' Fifth Amendment Due Process claim fails to state a claim and that § 7431 is plaintiffs' exclusive damage remedy in this case.

Defendants' motion raises the issue of whether plaintiffs' due process portion of their complaint states a claim upon which they can obtain relief. Plaintiffs argue the actions of the IRS deprived them of their contract and property rights with the Peoples Republic of China. In particular they allege:

By reason of Defendants' failure or refusal to make a determination in the 6700 Investigation prior to the filing of this action and within the applicable limitation period, or to otherwise properly make such determination, and for the other reasons previously set forth, Defendants have effectively deprived Plaintiffs of the right to contest, appeal, litigate the merits of, or otherwise test, Defendants' determinations and proposed deficiencies and assessments, the effect of which is to deprive Plaintiffs of property without due process of law, and the deprivation of which violates the due process clause of the Fifth Amendment of the United States Constitution.

¶ XXIII Plaintiffs' August 18, 1987 supplemental and amended complaint.

Although plaintiffs claim their potential contracts with China for the sale of the Donor Cows constitutes a property right, an issue exists whether such contracts are property protected by the Fifth Amendment Due Process Clause. The court doubts these contracts constitute property because they do not qualify as an entitlement to a government benefit. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). The court does not have to resolve this issue because the government affords the plaintiffs procedural due process to contest, appeal, or litigate the merits of the § 6700 determinations in post-assessment proceedings. *See* 26 U.S.C. §§ 6213, 6703, & 7422. There is no violation of a party's procedural due process rights just because judicial inquiry into the tax assessment occurs after the

assessment or determination. *Phillips v. Commissioner of Internal Revenue*, 283 U.S. 589, 596–97, 51 S.Ct. 608, 611, 75 L.Ed. 1289 (1931). Such a procedure ensures the prompt collection of government revenue to enable the government to properly function.

Since the court finds the procedure for contesting the § 6700 determination and assessment complies with due process, plaintiffs' due process allegation fails to state a claim. Consequently, their claim for damages under § 7431 is their only remaining claim under Count II. The court notes the individually named defendants are all federal employees and therefore § 7431(a)(1) only allows suit against the United States. Defendants Berry, Cooke, and Heitman cannot be defendants in this action and the court therefore grants defendants' motion to dismiss the individually named defendants.

The court also grants defendants' motion to strike plaintiffs' demand for a jury trial. Plaintiffs conceded in their papers that if § 7431 was the only basis upon which they sought relief, then they had no right to a jury trial. Since the court finds their due process allegation fails to state a claim, plaintiffs remaining claim for relief is under § 7431. Consequently, they have no right to a jury trial under this statute. *See Lehman v. Nakshian*, 453 U.S. 156, 161, 101 S.Ct. 2698, 2702, 69 L.Ed.2d 548 (1981).

IT IS ORDERED granting plaintiffs' motion for order instructing clerk to file supplemental and amended complaint dated August 18, 1987.

IT IS FURTHER ORDERED directing the plaintiffs to file this supplemental and amended complaint and directing the clerk to accept it for filing. That complaint shall be deemed filed as of August 18, 1987.

IT IS FURTHER ORDERED granting defendants' motion to dismiss Count I of plaintiffs' supplemental and amended complaint.

IT IS FURTHER ORDERED granting defendants' motion to dismiss defendants Berry, Cooke, and Heitman and to strike plaintiffs' demand for a jury trial.

IT IS FURTHER ORDERED dismissing the alleged due process violation of plaintiffs' supplemental and amended complaint for failing to state a claim.