Andrew GALE, Plaintiff,

v.

UNITED STATES GOVERNMENT,
(FBI and CIA), Defendants.

No. 90 C 932.

United States District Court,
N.D. Illinois, E.D.

July 9, 1990.

---

Andrew Gale, pro se.

Charles E. Ex., U.S. Attys. Office, Chicago, Ill., for defendants.

## ORDER

NORGLE, District Judge.

Before the court is the motion of defendant, "the United States Government, (FBI and CIA)," to dismiss the complaint of *pro se* plaintiff, Andrew Gale, pursuant to Fed. R.Civ.P. 12(b)(6).

 On a motion to dismiss, the allegations of the complaint as well as the reasonable inferences to be drawn from them are taken as true. *Doe v. St. Joseph's Hosp.*, 788 F.2d 411 (7th Cir.1986). The plaintiff need not set out in detail the facts upon which a claim is based, but must allege sufficient facts to outline the cause of action. *Id.* The complaint must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory. *Mescall v. Burrus*, 603 F.2d 1266 (7th Cir.1979). The court is not required to accept legal conclusions either alleged or inferred from pleaded facts. *Carl Sandburg Village Condominium Ass'n No. 1 v. First Condominium Development Co.*, 758 F.2d 203, 207 (7th Cir.1985). Dismissal under Rule 12(b)(6) is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Papapetropoulous v. Milwaukee Transport Services, Inc.*, 795 F.2d 591, 594 (7th Cir.1986). Moreover, as he is a *pro se* litigant, plaintiff's complaint is held to less stringent standard that would a pleading drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972).

Plaintiff has brought this action, under the Freedom of Information Act, 5 U.S.C. § 552, seeking an order compelling defendant "to permit Plaintiff access to records in its possession." Plaintiff asserts that he is the subject of a covert investigation, including surveillance conducted by the defendant, through its agencies the FBI and the CIA, in conjunction with local law enforcement. This surveillance allegedly in-

cludes, among other things, systematic harassment through threatening phone calls, disrupting plaintiff's business (he drives a taxi cab), attempting to stage fake robberies and automobile collisions involving his taxi cab, placing toxic chemicals in plaintiff's food and attempting "to control and manipulate the plaintiff's mental functioning by using the techniques of neurolinquistic programing and subliminal stimulation, aided by the electronic monitoring of the plaintiff which projects a physical image of his brain on a computer screen." Complaint, Exhibit D Supplemental Allegations, no. 6. In addition to access to records which will support the existence of this alleged investigation, plaintiff also seeks an "injunction against all the activities of this covert operation that are an invasion of the plaintiff's constitutional rights."

Dismissal is sought on two grounds: first, that with respect to the CIA that there was never proper service; and second, that plaintiff has not exhausted his administrative remedies under the Freedom of Information Act.

■ Plaintiff acknowledges that he has never properly served the CIA. Plaintiff's Objection to Motion to Dismiss Complaint ¶ A. Merely asking the FBI "for a referral to the CIA" is not sufficient. *See* Fed. R.Civ. 4(d)(4), (5). Accordingly, the court lacks personal jurisdiction over the CIA and all claims against it are dismissed. *See* Fed.R.Civ.P. 12(b)(2).

■ The Freedom of Information Act has been interpreted to require exhaustion of remedies. *See Scherer v. Balkema*, 840 F.2d 437, 443 (7th Cir.1988). Plaintiff was advised of the right to an administrative appeal to the Assistant Attorney General of the Department of Justice within 30 days of receipt of the FBI's FOIA response. Plaintiff has declined to exhaust this administrative remedy with respect to the FBI request.[1]

■ As for the injunction of the "covert operation", this remedy is not contemplated in 5 U.S.C. § 552(a)(4)(B), the only basis for jurisdiction invoked by plaintiff.

Accordingly, the motion to dismiss is granted.

IT IS SO ORDERED.

---

1. With respect to the CIA plaintiff has never submitted a FOIA request to the CIA. Thus, assuming personal jurisdiction existed over the CIA, plaintiff has obviously not exhausted his administrative remedies with respect to it. In fact, he has never initiated the administrative process.