Andrew GALE, Plaintiff,

v.

**FEDERAL BUREAU OF INVESTIGATION and the Central Intelligence Agency, Defendants.**

No. 91 C 2314.

United States District Court, N.D. Illinois, E.D.

Feb. 12, 1992.

Andrew Gale, pro se.

Charles E. Ex, U.S. Attys. Office, Chicago, Ill., for defendants.

## ORDER

NORGLE, District Judge.

The Federal Bureau of Investigation ("FBI") and the Central Intelligence Agency ("CIA", collectively "defendants") move for summary judgment. For the reasons set forth below, the court grants the motion.

## FACTS

Plaintiff, Andrew Gale, filed this suit *pro se* under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, to compel defendants to produce all documents in their possession concerning him. Plaintiff first requested information from the FBI on November 20, 1989. On January 17, 1990, the FBI tendered six pages of Chicago Defender newspaper articles that referred to plaintiff's involvement in racial problems at the Illinois Institute of Technology during the summer of 1968 and some 20 other pages consisting of correspondence between plaintiff and the FBI. However, and of significant import to plaintiff, one page of the FBI's file was excised and several references were redacted from

the provided documents. The FBI has referenced exemptions (b)(2), (b)(7)(D), and (b)(7)(C) to 5 U.S.C. § 552 as the basis for refusing to disclose the retained and redacted material. Plaintiff also requested information from the CIA, but that agency responded that they had no file on him.

Plaintiff then filed suit against the government seeking production of the entire FBI file and claimed that the CIA and FBI were not truthful in their statements to him. That action was dismissed by this court as a result of plaintiff's failure to exhaust administrative remedies. *Gale v. United States Government*, No. 90 C 932, slip op. at 4, 1990 WL 357075 (N.D.Ill. July 9, 1990). On August 10, 1990, plaintiff sought administrative review of the FBI's actions; the actions of the FBI were upheld by the Office of Information and Privacy on October 30.

This suit was then filed April 24, 1991, asserting violations of FOIA. Defendants have now moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(c) asserting that because they have tendered all documents in their files, if any file exists and subject to proper exemptions, they have complied with the FOIA law. At the same time, defendants filed their Statement of Undisputed Facts as required by Northern District of Illinois Rule 12(m) and very detailed affidavits describing the material withheld, in generalized terms, and the reasons for the withholding. Plaintiff has responded to defendants' motion but has not countered defendants' 12(m) statement.

## DISCUSSION

■ Rule 56(c) of the Federal Rules of Civil Procedure provides that a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.

R.Civ.P. 56(c). *See also Kreutzer v. A.O. Smith Corp.*, 951 F.2d 739, 742 (7th Cir. 1991). A plaintiff cannot rest on mere allegations of a claim. *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988). Even though all reasonable inferences are drawn in favor of the party opposing the motion, *Carroll v. Acme–Cleveland Corp.*, 955 F.2d 1107, 1114 (7th Cir. 1992), a scintilla of evidence will not suffice to oppose a motion for summary judgment. *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir.1991). Nor will some metaphysical doubt suffice. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Rather, a dispute about a material fact is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Indeed, "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses...." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Accordingly, the non-moving party is required to go beyond the pleadings, affidavits, depositions, answers to interrogatories and admissions on file to designate specific facts showing a genuine issue for trial. *Bank Leumi Le–Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir.1991).

■ There is no factual dispute here barring the court from deciding the matter on a summary basis. Plaintiff's response has failed to designate any genuine issue of material fact for trial. He has provided no evidence outside of his complaint and response. Rather, he contests the veracity of the defendants in their response. His own self-serving statements are insufficient to create a genuine issue of material fact barring summary judgment.[1] *See Beard*, 840 F.2d at 410.

---

1. Alternatively, because plaintiff has not complied with Northern District of Illinois Rule 12(n), the court could decline to find a factual dispute on that basis as well. However, because

Defendants concede that plaintiff has a right to see the contents of his file. What is of controversy here is whether the exemptions the FBI alleges as a basis for non-disclosure and redaction apply. Those exemptions state:

(b) This section does not apply to matters that are—

(2) related solely to the internal personnel rules and practices of an agency [Exemption (b)(2)]; ...

(7) records or information compiled for law enforcement purposes, but only to the extent that the production of such records ... (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy [Exemption 7(C)], (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source [Exemption 7(D)]....

5 U.S.C. §§ 552(b)(2), (7)(C), (7)(D) (1991).

■ The fundamental motivation of FOIA was to give the public access to government documents. *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151, 110 S.Ct. 471, 474, 107 L.Ed.2d 462 (1989). The Act creates a strong presumption in favor of disclosure and requires the agency to justify any redaction or withholding of a file from a member of the public. *United States Dept. of State v. Ray*, —— U.S. ——, 112 S.Ct. 541, 116 L.Ed.2d 526 (1991). *See also Silets v. United States Dept. of Justice*, 945 F.2d 227, 228 (7th Cir.1991) (burden of proof on government to demonstrate documents withheld are exempt from disclosure). However, "Congress realized that legitimate governmental and private interests could be harmed by release of

certain types of information and [therefore] provided nine specific exemptions under which disclosure could be refused." *Federal Bureau of Investigation v. Abramson*, 456 U.S. 615, 621, 102 S.Ct. 2054, 2059, 72 L.Ed.2d 376 (1982). When a document is not produced or only partially produced after a request, the court must decide whether the government has sustained its burden of demonstrating that non-disclosure served the purposes of the named exemptions. *Ray*, 112 S.Ct. at 547–48.

■ The "source symbol numbers" were withheld or redacted on the documents provided to plaintiff by the FBI pursuant to Exemption (b)(2). It is by these numbers and symbols that the FBI classifies, categorizes, and indexes the various materials it compiles including a breakdown of the subject matter and source. They contain no information about the plaintiff. Clearly these symbols and numbers relate only to the internal procedures of the FBI. Thus, redaction of the source numbers on these documents was proper here. *Silets*, 945 F.2d at 230 (*dicta* statement that these source numbers are exempt under (b)(2)).

■ Alleging a 7(C) exemption, the FBI also withheld the names of FBI agents, clerical personnel, and other third parties from disclosure to plaintiff. The plaintiff has not specifically objected to this withholding. Moreover, even if he did, the court would find the redaction proper. "One who serves his state or nation as a career public servant is not thereby stripped of every vestige of personal privacy, even with respect to the discharge of his official duties. Public identification of any of these individuals could conceivably subject them to harassment and annoyance in the conduct of their official duties and their private lives." *Miller v. Bell*, 661 F.2d 623, 630 (7th Cir.), *cert. denied*, 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 484 (1982). The affidavit of Special Agent Griffin states that the disclosure of an FBI agent's name "regarding any particular investigation may seriously prejudice the Agent[']s[] [and other FBI employees'] ef-

plaintiff has failed to raise a factual issue in his pleadings, the court does not utilize the lack of a

12(n) statement as a basis for lack of factual dispute.

**98**

fectiveness in the conduct of other investigation to which they are assigned." Affidavit of Special Agent Griffin, ¶ 13. The impediment to an agent's ability to perform his duty and invasion of personal privacy accordant with that, compels a conclusion that the government properly claimed a 7(C) exemption here. *Accord Stein v. Department of Justice & Federal Bureau of Investigation,* 662 F.2d 1245, 1260–61 (7th Cir.1981) (in the context of intelligence investigations); *see also United States Dept. of Justice v. Reporters Comm. for Freedom of Press,* 489 U.S. 749, 762–71, 109 S.Ct. 1468, 1476–80, 103 L.Ed.2d 774 (1989) (holding that "RAP sheet" of third party may be legitimately withheld under Exemption 7(C)).

■ The last material withheld from disclosure to plaintiff was the identity of informants who gave information concerning the plaintiff to the FBI and the names of the persons associated with plaintiff in FBI files. The FBI justifies withholding this information by Exception 7(D). As the court noted in *Brant Construction Co. v. United States E.P.A.,* 778 F.2d 1258, 1262 (7th Cir.1985), the 7(D) exemption differs from other exemptions because it focuses on the source of the information, not the information itself. If the FBI can demonstrate that (1) the source was confidential and that (2) the information was acquired under either express or reasonably inferable assurances of confidentiality, all information from that source is exempt. *Id.* at 1262, 1263. In other words, there is no balancing of the public's need to know and the agency's protection of others, Congress has decided the information must not be disclosed. *Id.* at 1262–63 & n. 6; *Schmerler v. FBI,* 900 F.2d 333, 336 (D.C. Cir. 1990).

■ Here, the FBI "invoked Exemption 7(D) to withhold information that could reasonably be expected to identify individuals who provided information to the FBI." Affidavit of Special Agent Griffin, ¶¶ 21–25. The FBI does not state explicitly that the information from the source or sources was confidential or given under a promise of confidentiality. However, there is ample

indication that plaintiff was the subject of a criminal investigation. *See* Affidavit of Special Agent Griffin, ¶ 6. When information is obtained during the course of a criminal investigation, "promises of confidentiality are 'inherently implicit.'" *Brant Construction Co.,* 778 F.2d at 1263; *see also Parker v. Department of Justice,* 934 F.2d 375, 378 (D.C.Cir.1991). This is true even for statements made while no investigation is pending. *KTVY–TV, Div. of Knight–Ridder Broadcasting, Inc. v. United States,* 919 F.2d 1465, 1469 (10th Cir.1990). Thus, the FBI has reasonably justified its withholding of this information as well. *Cf. CIA v. Sims,* 471 U.S. 159, 105 S.Ct. 1881, 85 L.Ed.2d 173 (1985) (withholding of names of institutions conducting research for agency proper for national security purposes).

Two final items merit attention. Plaintiff complains that he believes the FBI has not tendered all records it holds on him to the court or justified their exemption. However, there is no indication that FBI has not disclosed all it has and the affidavit of Special Agent Griffin states to the contrary. Affidavit of Special Agent Griffin, ¶¶ 7, 8. The court is satisfied that full disclosure has been made. Additionally, the plaintiff's complaints that the CIA has not been forthright in its response appear to be equally without merit. *See Ray,* 112 S.Ct. at 544 n. 2.

## CONCLUSION

The summary judgment motion of the FBI and CIA is granted.

IT IS SO ORDERED.