**Doris Irene WEISS, Plaintiff,**

v.

**K.J. SAWYER, et al., Defendants.**

**No. CIV–96–2034–R.**

United States District Court,
W.D. Oklahoma.

Sept. 19, 1997.

---

Doris Irene Weiss, Harrah, OK, pro se.

Donald N. Downie, Jr., U.S. Dept. of Justice, Tax Division, Washington, DC, Dennis C. Roberts, Oklahoma City, OK, for Defendants.

### ORDER

DAVID L. RUSSELL, District Judge.

The individually named federal Defendants, K.J. Sawyer, Paul B. Nichols, Jr., Harold Wolaver, Bobby Gammel, Gary L. Collins, Brenda Faulkner and Wayne Watts, move the Court for an order dismissing the Plaintiff's complaint against them or, alternatively, for an order substituting the United States as the only proper federal defendant.

The Court construes the pro se Plaintiff's pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. *Gagan v. Norton,* 35 F.3d 1473, 1474 n. 1 (10th Cir.1994), *cert. denied,* 513 U.S. 1183, 115 S.Ct. 1175, 130 L.Ed.2d 1128 (1995); *Whitney v. State of New Mexico,* 113 F.3d 1170 (10th Cir.1997). The Court will not, however, supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf. A court should not assume the role of advocate for a pro se litigant. *Hall v. Bellmon,* 935 F.2d 1106, 1110 n. 3 (10th Cir.1991); *Northington v.. Jackson,* 973 F.2d 1518, 1520 (10th Cir.1992).

### I. *The Complaint*

The Complaint alleges that the Plaintiff was tried and convicted in an Oklahoma state court, and incarcerated for a period of about 60 days. The Plaintiff's rambling, lengthy Complaint asserts some 29 causes of action against the federal defendants named above and two private persons. The Complaint cites Title 18 U.S.C. §§ 241, 242, 875(d), 876, 1001, 1341–1343 and 1581; Title 42 U.S.C. §§ 1983, 1985(3) and 1986; Title 5 U.S.C. §§ 552 and 552a; and the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Fourteenth Amendments to the United States Constitution. The Plaintiff also asserts claims under various other unsupported legal theories, such as the "Mississippi Burning Doctrine."

The essence of the Plaintiff's various causes of action is her claim that her federal tax assessments were "fraudulent," and that the subsequent levies against her property by certain defendants were also "fraudulent." (Complaint, pp. 10–11). The Plaintiff also complains that some of the federal defendants did not provide her with documents she claims to have requested under the federal Privacy Act and Freedom of Information Act. The Plaintiff also accuses the Defendants of "encoding, or encryption of classifi-

cation of people," and alleges some scheme to "withhold and conceal documents, or parts of documents." (Complaint, p. 7).

The Complaint claims that the Defendants wrongfully disclosed information about her to the Social Security Administration and the Oklahoma Tax Commission, and that they submitted to the Oklahoma Tax Commission "falsified documents." The Plaintiff claims that she was incarcerated for about 60 days as a result of these actions. (Complaint, pp. 10 – 11).

The Plaintiff seeks an injunction requiring the Defendants to "cease and desist, with prejudice, all actions initiated, in progress, and all prior actions" arising from the allegedly falsified or incomplete documents. She asks that documents be "stricken from [her] record" pursuant to the Federal Rules of Civil Procedure, Rules 7(b)(2) and 11(a); and Title 26 U.S.C. § 6065. The Plaintiff seeks a release of "all liens, levies and seizures, with prejudice;" and "restitution and return of personal property" in the amount of approximately $35,000.00. This amount represents the money the Plaintiff alleges is due to her as consideration for her house which was "converted by defendants." The Plaintiff next seeks what she terms a "nominal amount" of damages, specifically, $10,000.00 per day from each Defendant for each day of her incarceration. Finally, the Plaintiff seeks compensatory and punitive damages. (Complaint, pp. 33–34).

## II. *Sovereign Immunity— Official Capacity*

The moving Defendants first contend that the Plaintiff's claims are, in effect, claims against the United States. The movants argue that all of them, as federal employees and officials, are sued in their official capacities. Although the style of the Complaint names each of the movants individually, the moving Defendants interpret it as complain-

ing of actions performed by them in their capacities as "officers, employees or agents of the Internal Revenue Service." (Complaint, p. 2).

■ A suit against federal officials in their official capacities is, in effect, a suit against the United States. To the extent the Complaint could thus be interpreted as raising claims against the United States, this Court has no subject matter jurisdiction absent a waiver of the United States' sovereign immunity. *United States v. Dalm*, 494 U.S. 596, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548 (1990). Under settled principles of sovereign immunity, "the United States, as sovereign, 'is immune from suit, save as it consents to be sued … and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Dalm, supra,* quoting *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). It is irrelevant that plaintiff has named individual federal employees as defendants if "the judgment sought would expend itself on the public treasury or domain." *Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963) (citation omitted). "When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States." *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir.1989).

■ Although the factual allegations are vague, they all relate to the business of assessment and collection of federal taxes. The Complaint vaguely suggests that the Defendants were acting outside the scope of their employment, but does not plead facts sufficient to support such an allegation.[1]

---

1. The Complaint states:

"Plaintiff asserts distinction exists within the Complaint by accusing the Defendants, and each of them, of committing acts by intent rather than mere want of due diligence or, having no way to know of the offenses of which the Plaintiff complains." ....

"Plaintiff alleges belief by implication, specificity and particularity, the scope of Defendants

work requirements do not include the commission of fraud, other felony acts; or, violations of rights protected by federal law, Constitution of the United States, Constitution for Oklahoma, and/or Laws."

Complaint, pp. 3–4. The Complaint thus suggests that the Defendants acted outside the scope of their employment. As explained in the following sections, however, the Plaintiff has not al-

Moreover, it appears that the Plaintiff's claims for monetary damages for "fraudulent" assessment and collection of taxes would, if proven, be payable out of the public treasury, and thus, the Plaintiff's claims must be considered to be a suit against the sovereign. See Title 26 U.S.C. § 7432 (damages awarded for failure to release tax lien are payable out of funds appropriated by Congress under Title 31 U.S.C. § 1304) and § 7433 (damages awarded for unauthorized collection of taxes are likewise payable out of funds appropriated by Congress under Title 31 U.S.C. § 1304). *See also Louisiana v. McAdoo*, 234 U.S. 627, 629, 34 S.Ct. 938, 58 L.Ed. 1506 (1914); *New Mexico v. Backer*, 199 F.2d 426, 427–428 (10th Cir.1952) (Where damage award would operate against the sovereign, claim must be deemed to be an action against the United States, from which the United States is immune.).

III. *Claims Under Internal Revenue Code*

The Complaint alludes to the fraudulent assessment and collection of taxes, and may intend to assert the following sections of the Internal Revenue Code:

A. *Section 7432—Failure to Release a Lien.*

■ The Complaint appears to assert wrongdoing in connection with the lien and levy against the Plaintiff's property. The Defendants assert sovereign immunity to the extent such allegations can be interpreted as complaining of the failure to release a lien on her property. Title 26 U.S.C. § 7432 of the Internal Revenue Code permits a private claim for damages—against the United States only—for failure to release a lien on a taxpayer's property. See Title 26 U.S.C. § 7432(a). That Section provides that damages "shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available . . . within the Internal Revenue Service." Section 7432(d)(1). The Plaintiff has not alleged that she has made any efforts to exhaust her administrative remedies within the Internal Revenue Service; thus, she has not shown that her claim is within the limited

waiver of sovereign immunity provided by Section 7432. *See Overton v. United States*, 925 F.2d 1282 (10th Cir.1991); *Griswold v. United States*, 59 F.3d 1571 (11th Cir.1995).

B. *Section 7433—Unauthorized Collection of Taxes*

■ The moving Defendants also assert sovereign immunity insofar as the Plaintiff seeks damages "in connection with any collection of federal tax." Title 26 U.S.C. § 7433 permits a suit for damages—against the United States only—where an officer or employee of the Internal Revenue Service "recklessly or intentionally disregards any provision of" the Internal Revenue Code, or any regulation promulgated thereunder. Suit against the United States is the exclusive remedy for such actions.

■ Here the Plaintiff has not shown that any Internal Revenue Service officer or employee, including the individual named Defendants, recklessly or intentionally disregarded any Code provisions or regulations. Thus, the Plaintiff's claim is not within the limited waiver of sovereign immunity under Section 7433. Moreover, since the United States is the only proper defendant in such a suit, the Plaintiff is not entitled to recovery against the individual Defendants under Section 7433.

C. *Section 7422—Refund of Taxes*

■ The Plaintiff's request for "restitution and return of personal property" also fails. The Plaintiff has improperly named federal employees rather than the United States as required by Title 26 U.S.C. § 7422(f)(1). Furthermore, the Plaintiff has not alleged that she has exhausted her administrative remedies, or that she has paid her taxes in full before filing suit. Both of these requirements are jurisdictional prerequisites which are strictly observed. *Flora v. United States*, 362 U.S. 145, 150–151, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960); *Vintilla v. United States*, 767 F.Supp. 249 (M.D.Fla. 1990), *aff'd*, 931 F.2d 1444 (11th Cir.1991).

---

leged facts sufficient to show that the moving Defendants committed any acts of fraud, or any felonies, or violated any rights under federal or state laws or constitutions.

**D.** *Section 7421(a)—Jurisdiction to Seek Injunction*

 The Defendants next argue that this Court lacks jurisdiction to issue an injunction restraining the collection or assessment of taxes, citing the Anti–Injunction Act. The Anti–Injunction Act, Section 7421(a) of the Internal Revenue Code, bars any "suit for the purpose of restraining the assessment or collection of any tax." As the moving Defendants note in their brief, an aggrieved taxpayer has adequate administrative and judicial remedies for any unauthorized collection or assessment of taxes, and those remedies do not include injunctive relief barring the collection or assessment of taxes. Title 26 U.S.C. § 7421(a). *See Wyoming Trucking Ass'n, Inc. v. Bentsen,* 82 F.3d 930 (10th Cir.1996) (reaffirming restriction set out in Section 7421); *Greenhouse v. United States,* 780 F.Supp. 136 (S.D.N.Y.1991).

**IV.** *Federal Tort Claims Act*

 The moving Defendants next challenge the Plaintiff's claims insofar as they may be based on the Federal Tort Claims Act. The Federal Tort Claims Act expressly bars claims "arising out of . . . misrepresentation [or] deceit," claims "arising in respect of the assessment or collection of any tax," and any claims "arising out of . . . libel [or] slander." See Title 28 U.S.C. § 2680(h) and 2680(c). Though the Plaintiff's claims are stated in vague and conclusory terms, it appears that all of the Plaintiff's factual allegations fall within one or more of these exclusions. *See Jones v. United States,* 16 F.3d 979 (8th Cir.1994) (United States retained sovereign immunity under FTCA from taxpayers' claims arising from tax investigation, even though taxpayers' claims encompassed torts and constitutional violations); *Anderson v. Office of Attorney General, Dep't of Justice,* 890 F.Supp. 648 (E.D.Mich.1995).

Furthermore, the Federal Tort Claims Act permits suit against the United States only, and not against federal officers or employees. See Title 28 U.S.C. § 1346(b); *Galvin v. Occupational Safety & Health Admin.,* 860 F.2d 181, 183 (5th Cir.1988); *Lann v. Hill,* 436 F.Supp. 463 (W.D.Okla.1977). In addition, the Plaintiff has failed to allege exhaus-tion of administrative remedies under the Federal Tort Claims Act. See Title 28 U.S.C. § 2675; *Cooper v. American Automobile Ins. Co.,* 978 F.2d 602 (10th Cir.1992). The Act requires a claimant to first present his or her claim to the appropriate federal agency before filing suit. Title 28 U.S.C. § 2675. The Complaint does not allege compliance with this requirement.

**V.** *Claims Under Various Criminal Statutes*

 The Plaintiff asserts claims under various federal criminal statutes, including Title 18 U.S.C. §§ 241 (conspiracy to violate civil rights); 242 (deprivation of rights under color of state law); 872 (extortion by federal officers and employees); 875(d) (interstate or foreign communications with intent to extort); 876 (mailing threatening communications); 1001 (false or fraudulent statements in any matter within the jurisdiction of the federal government); 1341 (mail fraud); 1342 (use of fictitious name in a mail fraud scheme); 1343 (wire fraud); and 1581 (peonage and slavery).

The Plaintiff has alleged no facts sufficient to show a violation of any of these criminal statutes by the moving Defendants. Moreover, none of these penal statutes confers a private right of action. *See Cort v. Ash,* 422 U.S. 66, 80, 95 S.Ct. 2080, 2089, 45 L.Ed.2d 26 (1975), *OMI Holdings, Inc. v. Howell,* 864 F.Supp. 1046 (D.Kan.1994); *Boisjoly v. Morton Thiokol, Inc.,* 706 F.Supp. 795 (D.Utah 1988); *Creech v. Federal Land Bank of Wichita,* 647 F.Supp. 1097 (D.Colo.1986). The Plaintiff has failed to state a claim against any of the individual Defendants, or against the United States, based on any alleged violations of the criminal statutes she cites.

**VI.** *Claims Under Privacy Act*

The Defendants also seek dismissal of the Plaintiff's claims of violations of the Privacy Act, Title 5 U.S.C. § 552a(g). Although the Privacy Act establishes civil remedies for violation of its provisions, the Internal Revenue Code, at Title 26 U.S.C. § 7852(e) provides a broad exemption for records relating to tax liabilities:

**(e) Privacy Act of 1974**—The provisions of subsections (d)(2), (3), and (4), and (g) of Section 552a of Title 5, United States Code, shall not be applied, directly or indirectly, to the determination of the existence or possible existence of liability (or the amount thereof) of any person for any tax, penalty, interest, fine, forfeiture or other imposition or offense to which the provisions of this Title apply.

26 U.S.C. § 7852(e).

The Plaintiff's allegations relate to the "existence" or possible existence of tax liabilities or penalties; thus her claims are within the Internal Revenue Code's exemption from the Privacy Act. *See England v. Commissioner of Internal Revenue*, 798 F.2d 350 (9th Cir.1986); *Dyrda v. Commissioner of Internal Revenue*, 633 F.Supp. 2 (D.Neb. 1985). Moreover, the Privacy Act's civil remedies are limited to claims against federal agencies, and are not available against individual federal employees. *Hernandez v. Alexander*, 671 F.2d 402 (10th Cir.1982); *Schowengerdt v. General Dynamics Corp.*, 823 F.2d 1328 (9th Cir.1987); *Unt v. Aerospace Corp.*, 765 F.2d 1440 (9th Cir.1985); *Brown–Bey v. United States*, 720 F.2d 467 (7th Cir.1983); *Bruce v. United States*, 621 F.2d 914 (8th Cir.1980); *Williams v. McCausland*, 791 F.Supp. 992 (S.D.N.Y. 1992); *Mittleman v. United States Treasury*, 773 F.Supp. 442 (D.D.C.1991); *Hay v. Secretary of the Army*, 739 F.Supp. 609 (S.D.Ga. 1990). The Plaintiff's Privacy Act claims must be dismissed.

## VII. *Freedom of Information Act*

The Complaint also cites the federal Freedom of Information Act, Title 5 U.S.C. § 552. The Freedom of Information Act does not authorize suit against individual federal officers or employees. *Thompson v. Walbran*, 990 F.2d 403, 405 (8th Cir.1993); *Sherwood Van Lines v. United States Dept. of Navy*, 732 F.Supp. 240, 241 (D.D.C.1990). Nor does the Freedom of Information Act provide for the recovery of money damages. *Thompson v. Walbran*, 990 F.2d 403 (8th Cir.1993); *Sterling v. United States*, 798 F.Supp. 47 (D.D.C.1992); *White v. Commissioner of Internal Revenue*, 537 F.Supp. 679

(D.Colo.1982); *Daniels v. St. Louis VA Regional Office*, 561 F.Supp. 250, 251 (E.D.Mo. 1983).

Further, the Plaintiff has not alleged that she exhausted her administrative remedies under the Freedom of Information Act by submitting an administrative appeal to appropriate agency officials. See 26 C.F.R. § 601.702(c)(8). *See also Taylor v. Appleton*, 30 F.3d 1365 (11th Cir.1994); *Stebbins v. Nationwide Mutual Ins. Co.*, 757 F.2d 364 (D.C.Cir.1985); *Gale v. United States*, 786 F.Supp. 697 (N.D.Ill.1990); *Lilienthal v. Parks*, 574 F.Supp. 14, 18 (E.D.Ark.1983).

## VII. *Claim for Release of Information to Oklahoma Tax Commission and Social Security Administration*

The Complaint appears to allege that certain Defendants released information concerning her taxes or tax liabilities to representatives of the Oklahoma Tax Commission and of the United States Social Security Administration. The Internal Revenue Code specifically authorizes the disclosure of tax returns and return information to the Social Security Administration for the purpose of administering the Social Security Act, and to state tax officials for the purpose of administering state tax laws. Title 26 U.S.C. § 6103(i)(1); 6103(d). Furthermore, even where an unauthorized disclosure of tax information occurs, a claim may be brought only against the United States, and not against the individual government officials or employees. See Title 26 U.S.C. § 7431(a)(1); *Mid–South Music Corp. v. Kolak*, 756 F.2d 23, 25 (6th Cir.1984); *Agbanc Ltd. v. Berry*, 678 F.Supp. 804 (D.Ariz.1988). The Plaintiff's allegations concerning the release of tax information to the Social Security Administration and the Oklahoma Tax Commission fail to state a claim for which relief may be granted.

## IX. *Other Allegations and Possible Claims*

The moving Defendants argue that the numerous other allegations contained in the Complaint fail to state a claim for which relief may be granted.

### A. Failure to Plead Fraud With Particularity

As the Defendants point out, the Complaint vaguely alleges that the Defendants fraudulently assessed taxes against her, or participated in some fraudulent scheme against her. Although the Complaint is lengthy, it does not allege with particularity any facts demonstrating that any of the Defendants made any fraudulent statements or otherwise committed any acts of fraud. The Court finds that the Complaint fails to allege fraud with the particularity required by Rule 9, Fed.R.Civ.Pro. *See Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982 (1992).

### B. Civil Rights Claims Under Section 1983 and Biven

The Plaintiff has sued federal officials and employees alleging misconduct related to the performance of their duties. To state a claim for relief under Title 42 U.S.C. § 1983, a plaintiff must allege that the defendant has acted under color of *state* law; Section 1983 does not apply to wrongdoing by federal officials and employees acting under federal law. *Williams v. Rogers*, 449 F.2d 513 (8th Cir.1971), *cert. denied*, 405 U.S. 926, 92 S.Ct. 976, 30 L.Ed.2d 799 (1972); *Zernial v. United States*, 714 F.2d 431 (5th Cir.1983).

Under certain circumstances, an action can be maintained against federal officials or agents in their individual capacities for violations of constitutional rights under color of federal law. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *Bivens* actions are not available, however, for the wrongful collection or assessment of taxes. Congress has expressly precluded such a remedy by declaring that existing statutes provide the exclusive mode of redress. *See Bush v. Lucas*, 462 U.S. 367, 373, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983); *National Commodity & Barter Ass'n, National Commodity Exchange v. Gibbs*, 886 F.2d 1240 (10th Cir.1989), *on remand*, 790 F.Supp. 233 (D.Colo.1991), *aff'd in part, rev'd in part*, 31 F.3d 1521 (10th Cir. 1994). Because adequate statutory remedies exist to redress disputes over the collection and assessment of taxes, the Plaintiff cannot maintain a *Bivens* action against the moving Defendants.

Even if a *Bivens* claim were not precluded by the availability of statutory remedies, the moving Defendants would be entitled to qualified immunity. The Plaintiff has not alleged conduct by the Defendants which violates clearly established statutory or constitutional rights. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Anderson v. Creighton*, 483 U.S. 635, 646, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). The Plaintiff's invocation of the Eighth, Ninth, Tenth and Fourteenth Amendments is not sufficient to meet her burden of showing a violation of clearly established statutory or constitutional rights. *Davis v. Scherer*, 468 U.S. 183, 197, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984).

### C. Section 1985 and 1986 Claims

The Complaint also invokes Title 42 U.S.C. §§ 1985(3) and 1986. A plaintiff cannot state a Section 1985 claim unless he or she properly alleges, among other things, class based animus against the Plaintiff. *Lucero v. Operation Rescue of Birmingham*, 954 F.2d 624, 627 (11th Cir.1992); *Hefti v. McGrath*, 784 F.Supp. 1426 (E.D.Mo.1992). Such a claim must be supported by sufficient factual allegations, not merely conclusory statements. *Tang v. State of Rhode Island, Dept. of Elderly Affairs*, 904 F.Supp. 55 (D.R.I.1995). The Plaintiff's vague complaints about the Defendants' tax assessment and collection activities do not meet this standard.

Title 42 U.S.C. § 1986 provides a limited cause of action against persons who are aware of Section 1985 violations and have the power to prevent them, but neglect or refuse to do so. In order to maintain a claim under Section 1986, a plaintiff must state a viable claim for conspiracy to violate civil rights under Section 1985. *McCalden v. California Library Ass'n*, 955 F.2d 1214 (9th Cir.1990), *cert. denied sub nom., Simon Wiesenthal Center for Holocaust Studies v.*

*McCalden,* 504 U.S. 957, 112 S.Ct. 2306, 119 L.Ed.2d 227 (1992); *Grimes v. Smith,* 776 F.2d 1359 (7th Cir.1985); *DePugh v. Sutton,* 917 F.Supp. 690 (W.D.Mo.1996), *aff'd,* 104 F.3d 363 (8th Cir.1996); *Davis v. Hudgins,* 896 F.Supp. 561 (E.D.Va.1995), *aff'd,* 87 F.3d 1308 (4th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1440, 137 L.Ed.2d 546 (1997). Since the Complaint fails to state a claim for relief under Section 1985, it likewise fails to state a claim under Section 1986.

### D. *Claims Based on Criminal Prosecution and Conviction*

The Plaintiff complains of an "allegedly unconstitutional conviction or imprisonment," and alleges "harm caused by action whose unlawfulness would render a criminal conviction invalid." She seeks "nominal" damages from the Defendants of $10,000.00 from each Defendant for each day of her incarceration. In order to recover damages for an unconstitutional conviction or imprisonment under Section 1983, *Bivens,* or the Federal Tort Claims Act, a plaintiff must prove that the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (Section 1983 claim); *Crow v. Penry,* 102 F.3d 1086, 1087 (10th Cir.1996) (*Bivens* claim); *Parris v. United States,* 45 F.3d 383 (10th Cir.1995) (Federal Tort Claims Act claim), *cert. denied,* 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995).

The Plaintiff does not allege that her conviction has been overturned, expunged or called into question by a writ of habeas corpus. Thus, her allegations related to her criminal prosecution, conviction and incarceration fail to state a claim for which relief may be granted and must be dismissed.

### IX. *Conclusion*

The Motion to Dismiss filed by the federal Defendants is hereby GRANTED. The Complaint is hereby DISMISSED as to Defendants K.J. Sawyer, Paul B. Nichols, Jr., Harold Wolaver, Bobby Gammel, Gary L. Collins, Brenda Faulkner and Wayne Watts. Since the Plaintiff's claim is dismissed as to these individuals, the Defendants' alternative request to substitute the United States as a party is DENIED as moot.