**UNITED STATES of America, Appellee,**

v.

**Robert B. DePUGH, Appellant.**

**No. 92–2944.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 14, 1993.

Decided May 26, 1993.

John Edward Cash, Kansas City, MO (Willard B. Bunch and Milton Skeens, appeared on the brief), for appellant.

John R. Osgood, Asst. U.S. Atty., Kansas City, MO, for appellee.

Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BRIGHT, Senior Circuit Judge.

During the course of an investigation of Robert B. DePugh, a convicted felon, police officers executing a state warrant discovered firearms. Authorities obtained and executed a federal warrant, and DePugh was charged with and convicted of possession of a firearm by a felon and possession of an unregistered firearm. He appeals, contending: (1) the district court erred in denying his motion to suppress the evidence seized from the federal search; and (2) the evidence was insufficient to support the jury's verdict. We affirm.

**I.**

In September of 1991, after an employee of a commercial photofinishing establishment reported DePugh for seeking to process several hundred allegedly provocative photographs of teenage girls, police officers obtained search warrants for two houses thought to be DePugh's residences. One house was located at 408 South Pine Street in Norborne, Missouri and the second house

was in Soldier, Iowa. While executing the state warrant for the Missouri house seeking evidence of violations of the Missouri child pornography statute, officers discovered firearms. Knowing DePugh to be a convicted felon, the officers obtained and executed a federal warrant because under federal law DePugh could not possess firearms.

County records listed the house at 408 South Pine Street as the joint property of DePugh and his estranged wife, although the deed was in his wife's name alone. DePugh and his wife had separated years earlier. DePugh had never moved into the house, although his driver's license and car title and registration listed 408 South Pine as his home address. One of the two bedrooms contained only women's clothing. The other bedroom contained some men's clothing and a credit card in the name of Robert DePugh. The bedroom also contained photographic equipment, photos of young models, business correspondence, a fax machine and a computer used by DePugh in his profession as a photographer.

Officers found a .38 caliber revolver in the bedroom containing the men's clothing. They recovered more weapons from a hall closet on the first floor. The officers also found ammunition in a crawl space in the basement.

DePugh testified that, since his release from prison, his principal places of residence had been in Kansas City, Missouri; Reinbeck, Iowa; and Soldier, Iowa. He conducted some business out of the house at 408 South Pine so as to use his wife's business, Norborne Secretarial Services. DePugh stated he knew nothing about the ammunition found in the basement crawl space. He had given the revolver found in the bedroom to family members in 1964 or 1965 but did not know of its presence in the house. A month before his arrest, his wife had shown him the guns in the hall closet, asking him if he could suggest possible buyers. He responded he could not get involved in the sale of the guns.

On October 7, 1991, DePugh was charged with two counts of unlawful possession of a firearm by a felon, one count of unlawful possession of propellant powder by a felon and one count of possession of unregistered firearms. He filed a motion to suppress the physical evidence seized in the searches, which the district court denied. On February 20, 1992, the jury found DePugh guilty on all counts but the count of unlawful possession of propellant powder by a felon. On July 20, 1992, the district court sentenced DePugh to three concurrent thirty-month terms, to be followed by three years of parole and a fine of $1,000. This timely appeal followed.

## II.

DePugh contends the evidence obtained from the federal search of 408 South Pine was inadmissible because the search warrant was based on the fruit of earlier unconstitutional seizures and was not based on probable cause. DePugh argues the Missouri and Iowa child pornography statutes, which served as the basis for the first seizures of photographs, violate the first amendment. Even if the statutes are constitutional, DePugh argues the photos reported by the Iowa photofinishing establishment did not contain "prohibited sexual act[s]." *See* Mo.Ann.Stat. § 568.060.1(2) (Vernon 1984). Because the photos were not reportable, they cannot provide probable cause for the warrant and thus the evidence seized at 408 South Pine is inadmissible as fruit of a poisonous tree.

■ The Missouri Supreme Court has upheld, en banc, the Missouri child pornography statute. *State v. Helgoth,* 691 S.W.2d 281, 284 (Mo. banc 1985). No court has ruled on the Iowa statute. We hold the district court did not err in finding the warrant was based on probable cause to believe a valid statute was violated. Further, the magistrate judge considered the totality of the circumstances in determining whether the warrant should issue. The district court affirmed the magistrate judge's recommendation and concluded, based on an actual review of the photos, probable cause existed. We must treat the district court's determination with deference. We hold the district court did not err in denying DePugh's motion to suppress the evidence seized from the federal search.

## III.

DePugh further contends the evidence failed to show he had exclusive or joint control over the premises where the objects were found and thus failed to show constructive possession. The deed to the house was in his wife's name, and the sheriff was not accustomed to observing him enter and exit the house. DePugh argues that, at most, the Government established he failed to change his driver's license and car title and registration, maintained a bank account in town, left some property in the bedroom and visited the premises the month prior to the search.

 In reviewing a sufficiency of the evidence claim, we must determine, after giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence, whether a rational trier of fact could have found the prosecution established the essential elements of the crime beyond a reasonable doubt. *Perez v. Groose*, 973 F.2d 630, 634 (8th Cir.1992). In proving constructive possession, the prosecution must show DePugh exercised ownership, dominion or control over the firearms or dominion over the premises. *United States v. Boykin*, 986 F.2d 270, 274 (8th Cir.1993).

The Eighth Circuit has affirmed a jury's finding of constructive possession of weapons located at residences male defendants shared with women. *Id.* at 274; *United States v. Apker*, 705 F.2d 293, 309 (8th Cir.1983), *reh'g in part*, 724 F.2d 633, *cert. denied*, 465 U.S. 1005, 104 S.Ct. 996, 79 L.Ed.2d 229 (1984). In *Apker*, one defendant was found to possess a weapon in a man's shaving kit in a bedroom with Hell's Angels colors. *Apker*, 705 F.2d at 309. A second defendant was found to possess three weapons found in a bedroom with a Hell's Angels T-shirt in the dresser when the defendant used the address in purchasing a dog license. *Id.* A third defendant was found to possess twenty-three guns found in an apartment when utility bills indicated the apartment was the defendant's residence. *Id.*

In this case, DePugh's status in county records as a co-owner of the property, as well as his free access to the premises and his use of the address on legal documents, shows dominion over the premises. The discovery of a weapon in the same room De-

Pugh used for his personal and business items is circumstantial evidence indicating dominion over the firearms. The evidence was sufficient for the jury reasonably to conclude DePugh constructively possessed the weapons and ammunition.

Accordingly, we affirm.