25 F.3d 1041
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jonathan EDWARDS, Defendant-Appellant.
 No. 93-5757.
 United States Court of Appeals,
Fourth Circuit.
 Submitted March 29, 1994.
Decided May 31, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CR-92-133-CR-BO)
 Edwin C. Walker, Asst. Federal Public Defender, Raleigh, N. C., for Appellant.
 J. Douglas McCullough, U.S. Atty., Steve R. Matheny, Sp. Asst. U.S. AttY., Raleigh, N.C.; Hal F. Askins, Sp. Deputy Atty. Gen., Raleigh, N.C., for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before HALL and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Following his guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C.A. Sec. 922(g) (West Supp.1994), Jonathan Edwards was sentenced to 180 months in prison and a three year term of supervised release. Edwards appeals, claiming that the district court abused its discretion by denying his motion to withdraw his guilty plea. We find his claim lacks merit; consequently, we affirm.
 
 
 2
 On August 21, 1991, the police in Dunn, North Carolina received a report that shots had been fired from a car. An hour later, the police stopped Edwards, who was driving a vehicle matching the car's description. Two unidentified passengers fled from the car. Edwards consented to a search of the vehicle. Police found a.410 shotgun smelling of freshly fired gunpowder, plus a .410 shotgun shell. Edwards admitted that he knew the gun was in his car, but he denied firing it.
 
 
 3
 A grand jury indicted Edwards on one count of being a felon in possession of a firearm in violation of 18 U.S.C.A.Sec. 922(g). Pursuant to a plea agreement, Edwards agreed to plead guilty to the single count indictment. The agreement included the following appeal waiver:
 
 
 4
 The Defendant agrees ... to waive knowingly and expressly all rights, conferred by 18 U.S.C. Sec. 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the Guideline range, reserving only the right to appeal from a sentence of imprisonment for a period greater than 180 months, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C.Sec. 2255, excepting the Defendant's right to appeal based upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.
 
 
 5
 On April 30, 1993, the district court conducted a hearing pursuant to Fed.R.Crim.P. 11 and, finding that Edwards' guilty plea was freely and voluntarily entered and that there was a factual basis to support the plea, accepted the guilty plea.*
 
 
 6
 Four months later, at the August 25, 1993, sentencing hearing, Edwards asked to withdraw his guilty plea, stating that he did not "see how the gun could have been in [his] possession," and that he thought his sentence would be reduced by a number of years for entering a plea agreement. However, the court explained that the plea agreement did not include such a provision. Finding no "grounds to alter the sworn statements having to do with the plea agreement that were made at the time of [Edwards'] Rule 11 hearing," the district court did not permit Edwards to withdraw his guilty plea. Edwards timely appealed his conviction, challenging the denial of his motion to withdraw his guilty plea.
 
 
 7
 The government contends that, through the plea agreement, Edwards waived his right to appeal. It is well established that the Constitution does not guarantee the right to an appeal. Abney v. United States, 431 U.S. 651, 656 (1977). This Court consistently has held that a defendant may waive his statutory right to appeal his sentence if the waiver was knowingly and voluntarily made. United States v. Marin, 961 F.2d 493, 496 (4th Cir.1992); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir.1990). If the district court failed to question the defendant about the waiver during the Rule 11 hearing and there is no other indication in the record that the defendant understood the full significance of the waiver, then the waiver is not effective. Marin, 961 F.2d at 496.
 
 
 8
 Here, Edwards read the plea agreement and discussed it with counsel. Furthermore, at the plea hearing the court explained the appeal waiver to Edwards and he stated that he understood it and still wished to "go through with it." We find, therefore, that Edwards made a knowing and voluntary waiver.
 
 
 9
 Under the plea agreement, Edwards waived his right to file a direct appeal only if he received a sentence of no more than 180 months in prison. He now seeks to appeal on the ground that the district court should have allowed him to withdraw his guilty plea. Because this issue is not barred by his appeal waiver, Edwards may raise it on appeal. Nevertheless, he is not entitled to relief.
 
 
 10
 Rule 32(d) of the Federal Rules of Criminal Procedure governs motions for withdrawing guilty pleas. Under the rule, the defendant bears the burden of showing a "fair and just" reason for the withdrawal, even if the government has not shown that it would be prejudiced by the withdrawal. United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 60 U.S.L.W. 3261 (U.S.1991). Factors relevant to showing a fair and just reason are:
 
 
 11
 (1)whether the defendant had close assistance of competent counsel; (2)whether he credibly asserts his innocence; (3)the extent of delay between guilty plea and motion to withdraw it; and (4)whether withdrawal at the time attempted would prejudice the government or waste judicial resources.
 
 
 12
 United States v. Craig, 985 F.2d 175, 178 (4th Cir.1993). These are only balancing factors and prejudice to the government should not be considered until the defendant has successfully established that a fair and just reason exists for withdrawing the guilty plea. United States v. Haley, 784 F.2d 1218, 1219 (4th Cir.1986).
 
 
 13
 The district court's factual finding that Edwards' guilty plea was knowingly and voluntarily entered is not clearly erroneous. The court's finding was supported by Edwards' responses during the Rule 11 colloquy. In addition, Edwards admitted his guilt until the day of the sentencing hearing. Furthermore, because Edwards knew there was a gun in the car he was driving, there is sufficient evidence to support his conviction on the basis of constructive possession. See United States v. DePugh, 993 F.2d 1362, 1364 (8th Cir.1993) (constructive possession may be shown by control over firearms or possession of premises). Edwards also did not move to withdraw his guilty plea until the sentencing hearing--four months after he entered his plea. Furthermore, he expressed satisfaction with his attorney.
 
 
 14
 Edwards contends that the court abused its discretion in denying his motion to withdraw his guilty plea because it did not question him about his statement that he did not understand how the gun could be in his possession. However, at his Rule 11 hearing, the court asked Edwards if he was guilty of being a felon in possession of a firearm and Edwards answered affirmatively. In light of this admission and the district court's appropriate finding that Edwards' guilty plea was knowingly and voluntarily made, we conclude that the district court did not exceed its discretion by denying Edwards' motion to withdraw his guilty plea.
 
 
 15
 For these reasons, we affirm Edwards' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 In response to the court's questions, Edwards stated that he understood the nature of the charges against him and the maximum and minimum punishments he could receive