72 F.3d 133
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Robert B. DEPUGH, Appellant,
v.
Willis SWEARINGIN, Appellee.
 No. 95-2600.
 United States Court of Appeals, Eighth Circuit.
 Submitted Dec. 7, 1995.
Filed Dec. 15, 1995.
 
 Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert B. DePugh appeals the District Court's grant of summary judgment to defendant in DePugh's 42 U.S.C. Sec. 1983 (1988) action for an allegedly unconstitutional search and seizure. We affirm in part, reverse in part, and remand for further proceedings.
 
 
 2
 In September 1991, Carroll County, Missouri sheriff Willis Swearingin executed a search warrant at DePugh's residence. The warrant authorized the seizure of any items related to child pornography and documents or photographs demonstrating ownership of the items sought and the location searched. Although state charges ultimately were dropped, Swearingin discovered firearms while executing the search and, knowing DePugh to be a convicted felon, Swearingin contacted federal authorities, who obtained and executed a federal warrant for the firearms.
 
 
 3
 Prior to his trial on federal firearms charges, DePugh moved to suppress all items seized during the state and federal searches, arguing both search warrants were issued without probable cause and were the fruit of earlier unconstitutional seizures. DePugh's motion was denied, a jury found DePugh guilty, and we affirmed, holding the initial state warrant was based on probable cause. United States v. DePugh, 993 F.2d 1362, 1363 (8th Cir.1993).
 
 
 4
 DePugh subsequently filed this Sec. 1983 complaint, asserting Swearingin violated his Fourth and Fourteenth Amendment rights, because Swearingin executed a search warrant not supported by probable cause, and seized miscellaneous items not covered by the warrant. DePugh further asserted that Swearingin's seizure of both items covered and not covered by the warrant violated his First Amendment rights. Swearingin moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing DePugh was collaterally estopped from asserting his claims because the constitutionality of the search warrant and the subsequent search was previously litigated by DePugh in his federal criminal case. DePugh responded, and later filed a motion for summary judgment.
 
 
 5
 The District Court properly treated Swearingin's motion to dismiss as one for summary judgment because both parties presented and relied on materials outside the pleadings. See Gibb v. Scott, 958 F.2d 814, 816 (8th Cir.1992). The Court granted Swearingin summary judgment based on collateral estoppel, and denied DePugh's summary judgment motion as moot. We review the District Court's grant of summary judgment de novo, applying the same standard as the District Court: "whether the record, viewed in a light most favorable to the non-moving party, shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Earnest v. Courtney, 64 F.3d 365, 366-67 (8th Cir.1995) (per curiam); see also Fed.R.Civ.P. 56(c).
 
 
 6
 To the extent the claims in DePugh's section 1983 complaint challenged the validity of the state warrant, the District Court properly decided DePugh was collaterally estopped from pursuing these claims, because these issues were resolved against him in his federal criminal trial. See Allen v. McCurry, 449 U.S. 90, 95-96 (1980) (holding collateral estoppel applies in Sec. 1983 actions); Robbins v. Clarke, 946 F.2d 1331, 1334 (8th Cir.1991) (stating elements of collateral estoppel under federal law). Furthermore, DePugh did not produce sufficient evidence to show he was deprived of either due process or effective assistance of counsel during the federal criminal proceedings and thus denied a "full and fair opportunity" to litigate the warrant's validity in that case. See Butler v. City of N. Little Rock, Ark., 980 F.2d 501, 503 (8th Cir.1992).
 
 
 7
 Nevertheless, the District Court erred in granting Swearingin summary judgment on all of DePugh's claims, because DePugh alleged a separate, colorable constitutional violation--i.e., that Swearingin seized items not listed in the warrant--from that addressed in his federal criminal trial. See Creamer v. Porter, 754 F.2d 1311, 1318 (5th Cir.1985) (in Sec. 1983 claim for unconstitutional seizure, seized items must have been described in search warrant, had "incriminatory character," or had "sufficient nexus to the crime being investigated"). Neither the District Court nor this Court decided in DePugh's federal criminal case whether the seizure of such items was constitutional.
 
 
 8
 Accordingly, we affirm as to DePugh's claims that challenged the validity of the state search warrant, reverse as to his claims that alleged Swearingin seized items not described in the search warrant, and remand for further proceedings consistent with the decision.