**IT IS FURTHER ORDERED** that defendant's motion for summary judgment [# 19] is denied and defendant's motion in limine [# 26] is denied as moot.

**IT IS FURTHER ORDERED** that because this Court lacks subject-matter jurisdiction over this claim, the Clerk of Court shall remand this case to the Circuit Court for St. Louis County, Missouri, from which it was removed.

**Robert B. DePUGH, Plaintiff,**

v.

**James SUTTON, et al., Defendants.**

**No. 95–0394–CV–W–3.**

United States District Court,
W.D. Missouri,
Western Division.

Feb. 22, 1996.

Robert B. DePugh, Independence, MO, pro se.

Spencer J. Brown, Deacy & Deacy, Kansas City, MO, Keith A. Cary, Deacy & Deacy, Kansas City, MO, for James Sutton, Willis Swearingin, Martin Brooke, Michael W. Bradley.

Alana M. Barragan–Scott, John R. Munich, Jeremiah Jay Nixon, Attorney General, Missouri Attorney General's Office, Jefferson City, MO, for David Thomas.

Robert O. Jester, Ensz & Jester, Kansas City, MO, for William G. Hanson.

Patrick L. Dunn, Dunn & Keller, L.C., Kansas City, MO, Mark Godwin, Des Moines, IA, for Steve Foritano.

## ORDER

SMITH, District Judge.

Pending before the Court are several motions filed by the parties. The facts of this case and a discussion of the pending motions follow.

## FACTS

Plaintiff is a 72 year old professional chemist "who has had an active avocation for over 45 years in advertising, photography, writing and publishing." *Complaint*, ¶ 2. On or about August 14, 1991, plaintiff left ten rolls of film with a Sioux City, Iowa photo processing company to be developed. The processor notified the police that the photos appeared to depict child pornography. The Sioux City police department seized the photographs.

Because plaintiff resided in the Des Moines, Iowa area, the Des Moines police department was notified of the contents of the photographs. Defendant William G. Hansen ("Hansen") headed up the Des Moines police department's investigation into potential child abuse and pornography. Apparently, the investigation revealed no evidence of child abuse. Nevertheless, plaintiff claims that Hansen and Defendant Steve Foritano ("Foritano"), the Polk County, Iowa Prosecuting Attorney, obtained a search warrant for plaintiff's home in Soldier, Iowa.

Plaintiff claims that simultaneously, Hansen and Foritano notified Defendant Michael Bradley ("Bradley), the Carroll County, Missouri Prosecuting Attorney, of the need to arrange for the search of plaintiff's wife's home in Norborne, Missouri. Bradley and Defendant Willis Swearingin ("Swearingin"), the Carroll County Sheriff, obtained a search warrant for the residence.

On September 13, 1991, the Iowa and Missouri residences were searched and several items were seized from each residence. During the search of the Missouri residence, Swearingin observed the existence of several firearms. Swearingin notified the ATF, which obtained a search warrant for the firearms. Plaintiff was later convicted in federal court of being a felon in substantive possession of firearms.

In the federal criminal court proceedings (Western District of Missouri case number 91–00145–01–CR–W–6), plaintiff sought to have the firearms excluded, claiming that the items seized in the federal search were fruits of previous unconstitutional searches—the Iowa and Missouri state searches. Magistrate Judge Larsen found the state searches to be supported by probable cause and therefore constitutional. Judge Larsen's decision was upheld by District Judge Howard Sachs and by the Eighth Circuit Court of Appeals. *See United States v. DePugh*, 993 F.2d 1362, 1363 (8th Cir.1993).

Plaintiff brought suit against defendant Swearingin only in Western District of Missouri case number 94–0251–CV–W–2. That suit claimed that plaintiff's First and Fourth Amendment rights were violated by the Missouri state search because Swearingin executed a search warrant not supported by probable cause and seized miscellaneous items not covered by the warrant. Judge Fernando Gaitan of this Court granted Swearingin's motion for summary judgment on the grounds that collateral estoppel applied to prevent plaintiff from pursuing these claims. The Eighth Circuit Court of Appeals affirmed as to the claims that challenged the validity of the state search warrant but reversed as to the claims that alleged that Swearingin seized items not described in the search warrant. *DePugh v. Swearingin,*

1995 WL 739838, No. 95–2600 (December 1995).

Plaintiff, proceeding *pro se,* filed this Complaint on May 5, 1995, originally against seven separate defendants in their official and individual capacities [1]. Generally, the Complaint alleges claims under 42 U.S.C. §§ 1983, 1985(3), 1986 and 2000aa (the Privacy Protection Act).

Specifically, plaintiff contends that defendants Hansen and Foritano conspired to deprive him of his First and Fourth Amendment and due process rights by assisting in obtaining the search warrant for the search of the Missouri residence knowing that there was not probable cause for the search, thus violating sections 1983 and 1985(3). *Complaint,* First Cause of Action, ¶ 48. Further, plaintiff claims that Foritano and Hansen committed overt acts in furtherance of a conspiracy to deprive plaintiff of the Fourth Amendment right to be free from unreasonable seizure of his property (*Complaint,* Second, Third and Fourth Causes of Action, ¶ 49, 50 & 51) and that Foritano and Hansen conspired to violate the Privacy Protection Act ("P.P.A.") because they knew or should have known that materials which were seized from the Missouri residence were protected by the Act. *Complaint,* Fifth Cause of Action, ¶ 52. Foritano and Hansen also allegedly failed to prevent such conspiracy in violation of section 1986. *Complaint,* Eighth Cause of Action, ¶ 55.

Plaintiff claims that defendants Bradley and Swearingin joined in the conspiracy to deprive him of his First and Fourth Amendment rights and to violate the P.P.A. *Complaint,* Sixth Cause of Action, ¶ 53. By presenting the Circuit Court judge with an application for a search warrant "on the basis of information they knew or reasonably should have known did not provide probable cause to issue such warrant and by asking him to issue a warrant that they knew or reasonably should have known would violate plaintiff's First and Fourth Amendment and P.P.A. rights," Bradley and Swearingin con-

spired to violate plaintiff's rights under section 1985(3). *Complaint,* Seventh Cause of Action, ¶ 54. Plaintiff alleges that Bradley and Swearingin failed to prevent such conspiracy, thus violating section 1986. *Complaint,* Eighth Cause of Action, ¶ 55.

Additionally, plaintiff claims that Swearingin violated his rights and the P.P.A. by seizing property belonging to plaintiff which was presumptively protected by the P.P.A. (*Complaint,* Thirteenth Cause of Action, ¶ 60) and that Swearingin and Defendant James Sutton ("Sutton") further violated the P.P.A. by seizing work product in preparation of expressive materials scheduled for dissemination to the general public. *Complaint,* Fourteenth and Fifteenth Causes of Action, ¶ 61 & 62. By allegedly agreeing to participate with others in the seizure of plaintiff's work product, defendant Sutton conspired to violate his federal rights in violation of section 1983 and 1985(3). *Complaint,* Sixteenth Cause of Action, ¶ 63.

Finally, plaintiff contends that all of the defendants collectively conspired to violate his federal rights and to deprive him of constitutional privileges. *Complaint,* Nineteenth Cause of Action, ¶ 66.

## DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Pending before the Court is defendant Sutton, Swearingin and Bradley's Motion for Summary Judgment and defendant Hansen's separate Motion for Summary Judgment. On December 8, 1995, this Court granted in part and denied in part defendant Foritano's Motion to Dismiss. At that time, the Court allowed the claims against Foritano alleging violation of the P.P.A. to remain until the Court considered the applicability of the Act to this case. Having had the opportunity to review the parties' briefs on the issue, the Court will rule on the remaining claim against Foritano [2] along with the remaining defendants' motions for summary judgment.

---

**1.** Defendants Martin Brooke and David Thomas were previously dismissed from this suit.

**2.** The Court will treat that portion of Foritano's motion to dismiss requesting dismissal of the

P.P.A. claim as a motion for summary judgment because in the briefing of the applicability of the P.P.A. claim before the Court, both parties presented and relied upon materials outside the

## Summary Judgment Standard

 A moving party is entitled to summary judgment on a claim if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56. In considering the motion, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Electric Indus. Co. Ltd., v. Zenith Radio Corp.,* 475 U.S. 574, 588–89, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986); *Tyler v. Harper,* 744 F.2d 653, 655 (8th Cir.1984), *cert. denied,* 470 U.S. 1057, 105 S.Ct. 1767, 84 L.Ed.2d 828 (1985). As the Supreme Court explained in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), "only disputes over facts that might affect the outcome of this suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248, 106 S.Ct. at 2510.

 If the moving party has made the proper showing, then the burden shifts to the non-moving party. That party may not rest upon mere allegations or denials in the pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

## Discussion

### I. Collateral Estoppel

 Sutton, Swearingin, Bradley and Hansen assert that summary judgment is appropriate as to the claims alleging violations of sections 1983 and 1985(3) because plaintiff is prohibited from bringing those claims by virtue of the collateral estoppel doctrine. These defendants assert that the underlying issue in those claims, that defendants violated and conspired to violate plaintiff's First and Fourth Amendment rights[3]

pleadings. *See Gibb v. Scott,* 958 F.2d 814, 816 (8th Cir.1992).

**3.** To the extent that plaintiff claims that defendants violated or conspired to violate his rights

by assisting in or obtaining a search warrant that was not supported by probable cause and later searching plaintiff's residence and seizing items from the residence in reliance on the search warrant, was previously litigated in the suppression hearing before Judge Larsen.

 The doctrine of collateral estoppel provides that once a court has actually decided an issue of fact or law necessary to its judgment, the decision precludes relitigation of the issue in a subsequent suit on a different cause of action involving a party of the prior litigation. *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Under federal law then, collateral estoppel bars a claim when:

1) the issue in the prior proceeding is identical to the issue in the present action;

2) the prior adjudication resulted in a judgment on the merits;

3) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and

4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.

*Oldham v. Pritchett,* 599 F.2d 274, 279 (8th Cir.1979). Collateral estoppel has been applied to civil rights actions brought pursuant to section 1983 to preclude relitigation of federal constitutional issues previously decided in prior criminal proceedings after a full and fair hearing. *See Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

Further, in *DePugh v. Swearingin,* 1995 WL 739838, No. 95–2600, slip op. at 3 (8th Cir., December 15, 1995) the Eighth Circuit held that claims challenging the validity of the state warrant in DePugh's civil action against defendant Swearingin in civil case number 94–0251–CV–W–2 were properly and finally decided by Judge Larsen in DePugh's suppression hearing in the criminal case. Thus, DePugh was collaterally estopped from pursuing those claims in the later civil action.

pursuant to the P.P.A., summary judgment is also appropriate. *See* discussion regarding the P.P.A. *infra.*

The same is true in this case. Plaintiff is barred from bringing claims in this suit which challenge the validity of the state search warrant. The validity of the state search warrant, particularly the fact that the warrant was supported by probable cause, was finally decided by Judge Larsen. Thus, collateral estoppel applies to prohibit further litigation on that issue.

Plaintiff argues, however, that collateral estoppel does not apply to these causes of action because they were brought under section 1985(3), alleging a *conspiracy* to deprive him of his rights, and not the *actual violation* of his rights. In support, plaintiff cites to cases holding that a defendant may be found not guilty of a substantive crime but guilty of conspiracy to commit that crime. *See e.g. U.S. v. Nims,* 524 F.2d 123 *cert. denied,* 426 U.S. 934, 96 S.Ct. 2646, 49 L.Ed.2d 385 (1976); *U.S. v. Bobo* 586 F.2d 355, *cert. denied, Rowan v. U.S.* 440 U.S. 976, 99 S.Ct. 1546, 59 L.Ed.2d 795 (1979); *U.S. v. Long,* 757 F.Supp. 1038 (W.D.Mo.1990).

Plaintiff's argument is without merit. First, plaintiff's conspiracy theory relies on the issue of the validity of the state search warrant. For example, plaintiff's Complaint specifically alleges that Hansen and Foritano conspired to deprive him of his First and Fourth Amendment and due process rights by assisting in obtaining a search warrant for the search of the Missouri residence "knowing that there was not probable cause for the search." As previously discussed, Judge Larsen held that in fact, there was probable cause for the search.

Second, plaintiff appears to argue that by bringing a conspiracy claim, he does not have to show any injury or actual deprivation of his rights. This argument ignores the plain language of section 1985(3) which provides in part

> ... in any case of conspiracy set forth in this section, if one or more persons engaged therein or do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having or exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for

the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

Thus in order to allege a conspiracy claim under section 1985(3), plaintiff must have actually been deprived of his rights. Plaintiff contends that he was deprived of his First and Fourteenth Amendment rights because the search warrant for the Missouri residence was not supported by probable cause. Once again, collateral estoppel bars these conspiracy claims since Judge Larsen previously determined that the Missouri state search warrant was supported by probable cause and plaintiff was not deprived of these rights.

Because collateral estoppel bars these claims, defendants are entitled to summary judgment as a matter of law as to those claims relying on unreasonable search and/or seizure as its basis.

## II. Privacy Protection Act

■ All of the defendants argue that summary judgment is appropriate as to the claims alleging violations of the P.P.A. and claims alleging that plaintiff was deprived of his P.P.A. rights. Because the Privacy Protection Act clearly does not apply to plaintiff in this action, the Court agrees that summary judgment is appropriate.

In 1978, the Supreme Court held that the Fourth Amendment does not confer any special protections against search and seizure for the possessor of documentary evidence who is not a suspect in the offense under investigation. *Zurcher v. Stanford Daily,* 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978). In that case, a student newspaper, the Stanford Daily, published articles and photographs of a demonstration which injured several police officers. *Id.* at 551, 98 S.Ct. at 1974. The district attorney obtained a search warrant to search the newspaper office based upon its belief that the paper possessed additional photographs of individuals involved in the demonstration who assaulted the police. *Id.* The search warrant allowed the police to search for and seize all photographs and negatives of the demonstration in possession of the newspaper. *Id.*

The newspaper brought suit contending that the search and seizure violated its First Amendment rights. *Id.*

In response to the *Zurcher* decision, Congress enacted the Privacy Protection Act. 42 U.S.C. §§ 2000aa–12. The P.P.A. prohibits the government, in connection with the investigation or prosecution of a criminal offense, to search for or seize any work product material "possessed by a person reasonably believed to have a purpose to disseminate to the public a newspaper, book, broadcast, or other similar form of public communication . . ." or to search for or seize any documentary materials from such individuals without first obtaining a subpoena duces tecum. The Act "affords the press and certain other persons not suspected of committing a crime with protections not provided currently by the Fourth Amendment." S.Rep. No. 96–874, 96th Cong., 2nd Sess., *reprinted in* 1980 U.S.C.C.A.N. 3950.

Plaintiff contends that because he "has been continuously involved in the production of communicative materials intended for distribution to the general public" for a number of years, all of his activities are protected by the First Amendment. He claims that the items seized in the Missouri state search were work product as defined by the P.P.A. and as such, the seizure was done so in violation of the P.P.A.

Defendants on the other hand argue that the P.P.A. does not apply to the facts of this case, citing an exception to the Act which allows the government to search for or seize work product or other documents if "there is *probable cause to believe that the person* possessing such materials has committed or is committing the criminal offense to which the materials relate". Sections 2000aa(a)(1) and (b)(1). Plaintiff appears to argue not only that the "suspect exception" does not apply to him, but also that there is no such exception within the P.P.A.

First, the plain language of the statute defies plaintiff's argument. The P.P.A. clearly allows the government to depart from the requirements of the Act in those instances in which the person suspected of a crime is in possession of documents related to the crime. This interpretation is also in keeping with the purpose of the P.P.A. as enunciated in its legislative history.

■ Second, plaintiff relies on the "fact" that "suspicion is never a valid reason to deny any citizen his right to freedom from unreasonable search and/or seizure." *Plaintiff's Response to Brief of Defendants Sutton, Swearingin and Bradley in the Above Captioned Matter,* Doc. # 70, p. 2. But that is not the case. The P.P.A. does not deny a suspect of a related crime his Fourth Amendment right to freedom from unreasonable search and seizure. Despite the P.P.A., the government is still required to obtain a search warrant supported by probable cause prior to searching and/or seizing property from any individual—even one suspected of a crime. The P.P.A. requirements merely ensure that the government does more when attempting to search or seize work product or other documents from the media or other third party who is not involved in the crime and who intends to disseminate such documents to the general public.

Third, under the facts of this case, plaintiff falls squarely within the suspect exception to the Act. Plaintiff was suspected of taking erotic photographs of children. The Missouri search warrant described the following property to be seized at the residence:

> Photographs, video tapes, pictures, slides, negative, and/or film of children with or without clothes. Photography equipment including still camera:, video cameras, televisions and VCRs. Computer equipment, computer discs, or other data storage devices. Notes, letters, lists, diaries, calendars, appointment books, telephone books, audio tapes which may contain names, addresses, telephone numbers, and birth dates of children or references to children. Any and all books, magazines, papers, items or devices of a sexual or erotic nature. Documents or photographs demonstrating ownership of the items sought above and of the location searched.

These items appear to relate to the crime plaintiff was suspected of—child pornography—and it appears that defendants would have probable cause to suspect plaintiff was

involved in child pornography.[4] Thus, under the suspect exception, defendants were clearly within the confines of the law to seek and obtain a search warrant rather than complying with the rigors of the P.P.A.

It is clear to the Court that plaintiff falls within the suspect exception to the P.P.A. Therefore defendants Sutton, Swearingin, Bradley, Hansen and Foritano are entitled to summary judgment as a matter of law as to any and all of the claims in plaintiff's Complaint which are based upon the allegations that defendants searched for or seized property in violation of the P.P.A. or that defendants conspired to violate the P.P.A. or otherwise deprive plaintiff of his rights under the Act.

### III. Section 1986 Claim

■ Plaintiff's Eighth cause of action, which alleges that Foritano, Hansen, Swearingin and Bradley failed to prevent the conspiracy to violate plaintiff's rights and therefore violated section 1986, fails as a matter of law. A claim under section 1986 will survive only if there is a viable claim under section 1985(3). *McCalden v. California Library Ass'n.*, 955 F.2d 1214, *cert. denied,* 504 U.S. 957, 112 S.Ct. 2306, 119 L.Ed.2d 227 (1990). Because defendants are granted summary judgment on plaintiff's section 1983 and 1985(3) claims, plaintiff's section 1986 claim cannot survive. Defendants are granted summary judgment on that claim as well.

### IV. Conclusion

Collateral estoppel applies to bar the relitigation of the issue of whether the search of the Missouri residence or seizure of items based upon the search warrant was valid. Defendant was not entitled to protection under the Privacy Protection Act in this instance because he was a suspect in a related action as defined by the Act. Thus defendants Sutton, Swearingin, Bradley, Hansen and Foritano are entitled to summary judgment as to all of the claims in plaintiff's complaint based upon sections 1983, 1985(3) and 2000aa. Further, because summary judgment is granted as to the 1985(3) claims, there can be no claim under section 1986 and defendants are entitled to summary judgment as to that claim as well.

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

■ Plaintiff requests leave of Court to amend his Complaint. In support of his request, plaintiff states that although "his original complaint adequately stated his cause of action, on review, he finds typographical errors, ambiguities and miscitations of statutes in need of correction." Indeed, a review of the proposed amended complaint reveals a more polished product.

Fed.R.Civ.Pro. 15(a) provides that leave to amend a pleading shall be freely given when justice so requires. The amended complaint that plaintiff seeks to file contains the same causes of action against the same defendants as the original Complaint. The causes of action rely on sections 1983, 1985(3), 1986 and 2000aa violations. This Court has reviewed these causes of action and found defendants deserving of summary judgment on all of the claims. Because the amended complaint does no more than restate and reallege these claims, amendment of the complaint is unnecessary. Therefore, leave to amend the Complaint is denied.

### MOTION FOR SANCTIONS

■ Defendants Sutton, Swearingin and Bradley filed a motion for sanctions under Fed.R.Civ.P. 11 to be imposed against plaintiff. Defendants contend that the present lawsuit is frivolous because it is lacking in legal or factual basis. Plaintiff argues that the present Complaint is based upon additional causes of action that plaintiff has not had the opportunity to pursue.

Plaintiff's argument is well taken. The Court may impose sanctions against parties for violations of Rule 11(b). However, in this case, defendants have failed to persuade the Court that the claims in the present suit are frivolous, that the complaint was presented

---

**4.** Despite plaintiff's references to the contrary, the Supreme Court has held that child pornography is *not* protected by the First Amendment.

*New York v. Ferber,* 458 U.S. 747, 764, 102 S.Ct. 3348, 3358, 73 L.Ed.2d 1113 (1982).

for an improper purpose, that the factual contentions are lacking in evidentiary support or that the facts are based upon a lack of information or belief. See Fed.R.Civ.P. 11(b). Defendants' motion for sanctions is denied.

## DISPOSITION

For all of the above reasons, the Court Orders as follows:

1) Defendants Sutton, Swearingin and Bradley's Motion for Summary Judgment (Doc. # 21) is GRANTED;

2) Defendant Hansen's Motion for Summary Judgment is GRANTED (Doc. # 32);

3) Defendant Foritano is entitled to Summary Judgment on the remaining claims relying on the Privacy Protection Act;

4) Plaintiff's Motion For Leave to Amend Complaint (Doc. # 25) is DENIED; and

5) Defendants Sutton, Swearingin and Bradley's Motion for Sanctions (Doc. # 23) is DENIED.

IT IS SO ORDERED.